UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA HAUPT KREBS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-0942 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge erred at step two of the sequential evaluation and by rejecting plaintiff's subjective testimony. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

In April of 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on February 15,

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 9 & 10.)

1

2007.  (Transcript ("Tr.") at 10, 135-43.)  Plaintiff's application was denied initially, (id. at 89-93), and upon reconsideration.  (Id. at 98-102.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 24, 2014.  (Id. at 32-55.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 33-35.)  In a decision issued on October 24, 2014, the ALJ found that plaintiff was not disabled.  (Id. at 22.)  The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 15, 2007 through her date last insured of December 31, 2012 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: rheumatoid arthritis (RA) (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except the claimant could lift and/or carry ten pounds frequently, twenty pounds occasionally; she could sit, stand and/or walk for six hours out of an eight-hour workday; she could occasionally climb kneel, crouch and crawl; and she could frequently balance and stoop.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a web page editor.  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 15, 2007, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(f)).

(Id. at 12-22.)

////

On March 1, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's October 24, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 3, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ erred at step two of the sequential evaluation; and (2) the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 18) at 6-16.[2])

**I.    Step Two Error**

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's medically determinable mental impairment was not severe. (Pl.'s MSJ (ECF No. 18) at 6-12.) If the ALJ determines that a claimant has a medically determinable mental impairment, the ALJ then rates the degree of the claimant's functional limitations in four areas, known as the "Paragraph B Criteria": (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(b)-(c); see also Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders. In the first three areas, the ALJ rates the limitations as either none, mild, moderate, marked, or extreme. The fourth functional area, episodes of decompensation, is rated on a four point scale of none, one or two, three, and four or more. 20 C.F.R. 404.1520a(c)(3) and (4).

Where the claimant's degree of limitation is rated as "none" or "mild," the ALJ will generally find the impairment "'not severe', unless the evidence otherwise indicates that there is

more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). If a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis. 20 C.F.R. § 404.1523. The ALJ "must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone [i]s sufficiently severe." Smolen, 80 F.3d at 1290; 20 C.F.R. § 404.1523.

Here, the ALJ rated plaintiff's degree of functional limitations in the four Paragraph B areas. (Tr. at 13-14.) In this regard, the ALJ found that plaintiff was only mildly limited in her activities of daily living, social functioning, and in her concentration, persistence or pace. (Id. at 13-14.) Moreover, the ALJ found that plaintiff had not experienced an episode of decompensation. (Id. at 14.) Although plaintiff clearly disagrees with the ALJ's findings with respect to the severity of plaintiff's functional limitations, plaintiff fails to establish that the ALJ's findings are erroneous.

For example, plaintiff argues that ALJ erroneously relied on "the opinion of consultative examiner, Dr. Richard Palmer, Ph.D.," an examining physician who "opined that [plaintiff] had no mental impairments." (Pl.'s MSJ (ECF No. 18) at 11.) Plaintiff's motion for summary judgment, however, fails to challenge the ALJ's treatment of the medical opinion evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an examining physician's opinion based on his or her own independent examination of the claimant constitutes substantial evidence).

Moreover, much of plaintiff's argument relies on plaintiff's difficulty dealing with the passing of her mother, repeated miscarriages, and an incident of "a fit of anger" involving an ex-boyfriend. (Id. at 8.) Although these events likely were difficult for plaintiff, plaintiff has still failed to establish that the ALJ's severity ratings were erroneous. And the severity of plaintiff's symptoms relies largely on her subjective testimony which, as noted below, the ALJ permissibly rejected.

Nonetheless, even assuming arguendo that the ALJ's finding at step two of the sequential evaluation was erroneous with respect to plaintiff's mental impairment, that error would be

harmless. In this regard, although the ALJ found that plaintiff's medically determinable mental impairment was not severe, the ALJ considered plaintiff's mental impairment in assessing plaintiff's residual functional capacity. (Tr. at 18-19.) See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless.").

Accordingly, the court finds that plaintiff is not entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's mental impairment was not severe.

## II. Subjective Testimony

Plaintiff argues that the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 18) at 12-16.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina, 674 F.3d at 1112.

////

7

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (Tr. at 16.) In this regard, the ALJ found that

> [t]he balance of the evidence does not support the severity of the claimant's allegations of her impairments. The majority of her examinations show that her impairments are resolving, she has few clinical symptoms and she does not fully follow medical treatment. The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual and the claimant's alleged loss of function is not supported by objective medical findings. The treatment records reveal the claimant received routine, conservative and non-emergency treatment since the alleged onset date.

(Id.) (citations omitted).

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). An ALJ may also discount a claimant's testimony due to "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Moreover, "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility

analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

In this regard, the ALJ offered clear and convincing reasons for rejecting plaintiff's testimony. Moreover, the ALJ's reasons were supported by substantial evidence in the record. As the ALJ's decision noted,

> [claimant] admitted on May 11, 2011 she had not completed the stool studies she was given. She denied an orthopedic referral on December 7, 2011 as she is trying her own remedy for complaints of elbow pain. The claimant declined an orthopedic referral as her elbow was getting better.
>
> ***
>
> She explained that she was recommended for an ultrasound . . . but she declined since they never produce any results. Her exams only showed abdominal pain and some diffuse tenderness.
>
> On March 28, 2012 she was taking her medication intermittently for fear of side effects. She did not take two medications she was prescribed, and stated she wanted to find a natural way of treating her joint pains; and it was noted she is allergic to wheat and is still eating wheat. She was assessed with noncompliance with medications, treatment, and recommendations.

(Tr. at 17) (citations omitted).

Moreover, on August 17, 2012, Dr. Carolyn Dennehey, examined plaintiff for treatment and noted that she "is generally noncompliant with treatment," but that plaintiff "[c]linically, looked pretty good." (Id. at 629.) On August 14, 2013, Dr. Dennehey noted that plaintiff's "[j]oints actually look really pretty good," and that plaintiff "did not do" x-rays of her hand, feet, wrist, and ankle that had been previously ordered. (Id. at 905.)

On September 10, 2012, plaintiff was examined by Dr. Richard Palmer, PhD. (Id. at 662.) Plaintiff reported that she was not depressed, was "generally happy and upbeat . . . . is not feeling unusually sad, gloomy, discouraged, helpless or hopeless." (Id.) Dr. Palmer found no psychological diagnosis. (Id. at 665.)

Accordingly, the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for discrediting plaintiff's testimony. Plaintiff, therefore, is not entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

9

CONCLUSION

The court finds that plaintiff is not entitled to summary judgment with respect to either of the arguments advanced in the pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is denied;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

Dated: September 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\krebs0942.ord